1 **KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
2 ak@kazlg.com
Matthew M. Loker, Esq. (279939)
3 ml@kazlg.com
245 Fischer Avenue, Unit D1
4 Costa Mesa, CA 92626
Telephone: (800) 400-6808
5 Facsimile: (800) 520-5523
6

**LAW OFFICE OF CLARK OVRUCHESKY**
Clark Ovruchesky, Esq. (301844)
co@colawcalifornia.com
750 B Street, Suite 3300
San Diego, CA 92101
Telephone: (619) 356-8960
Facsimile: (619) 330-7610

7 **HYDE & SWIGART**
8 Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
9 2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
10 Telephone: (619) 233-7770
Facsimile: (619) 297-1022
11

12

13 *Attorneys for Plaintiff,*
Douglas Carlone

14 **UNITED STATES DISTRICT COURT**
15 **SOUTHERN DISTRICT OF CALIFORNIA**

16 **DOUGLAS CARLONE,**

17                     Plaintiff,

18                     v.

19 **BANK OF AMERICA, N.A.;**
**EQUIFAX INFORMATION**
20 **SERVICES, LLC; EXPERIAN**
**INFORMATION SOLUTIONS,**
21 **INC.; AND, TRANS UNION**
**LLC,**
22

23

24                     Defendants.

25

26

27

28

Case No.: '16CV1938 AJB JLB

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**

   I.   **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**

   II.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.; AND,**

   III. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.**

**JURY TRIAL DEMANDED**

**COMPLAINT FOR DAMAGES**

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system.  As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

///
///
///

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4. DOUGLAS CARLONE ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BANK OF AMERICA, N.A. ("BofA" or "Defendants"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendants"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendants"); and, TRANS UNION LLC ("Trans Union" or "Defendants") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages. Similarly, said action is also based upon Defendants' respective failures to report accurate information to Plaintiff's credit report following notification that the tradelines were inaccurate.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

8. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (ii) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA"); and, (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the County of San Diego, State of California, from whom various debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

1692a(3); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

15.   Defendant BofA is a company operating from the State of North Carolina.

16.   Defendant Equifax is a limited liability company incorporated in the State of Georgia.

17.   Defendant Experian is a corporation incorporated in the State of Ohio.

18.   Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

19.   BofA is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

20.   Plaintiff is informed and believes, and thereon alleges, that BofA, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

21.   Defendants Equifax; Trans Union; and, Experian (the "Credit Bureaus") are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

22.   This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).

///

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

23. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

### BACKGROUND

### CCP § 580B

24. California Code of Civil Procedure § 580b ("CCP § 580b") precludes personal liability for a deficiency resulting from any loan obtained to pay the purchase price of owner-occupied residential property.

25. Specifically, CCP § 580b provides:

> No deficiency judgment shall lie in any event after a sale of real property or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.

> Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof if no deficiency judgment would lie under the deed of trust or mortgage on the real property or estate for years therein.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

26. After the Great Depression in the 1930s, the California legislature enacted CCP § 580b in order to require lenders holding a mortgage or deed of trust against an interest in real property to bring one single lawsuit against a defaulted borrower. This single lawsuit must both seek to enforce the security and to collect the secured debt. Essentially, the lender was required to exhaust the security prior to seeking enforcement of the secured debt against the debtor directly.

27. Between 1933 and 1963, CCP § 580 was amended several times to include an anti-deficiency provision that would effectively prohibit lenders from seeking to collect a deficiency judgment against a debtor personally after the sale of residential property. This provision is subsection (b) of CCP § 580.

28. California courts at this time were concerned with the "evil" actions of creditors who frequently bid on debtors' real property at nominal figures while holding the debtors liable for a large portion of their original debts at the same time.

29. Thus, the legislature enacted CCP § 580b to, among other things: (1) prevent the over-evaluation of land; (2) encourage home ownership; and (3) prevent a downturn in the economy that would likely occur if purchasers of land were burdened with personal liability in the event of falling home prices.

30. A short sale occurs when a consumer sells a consumer's home for less than the balance owed on the mortgage loan and the lender agrees to accept the proceeds of the sale instead of pursuing foreclosure. *See* http://www.consumer.ftc.gov/articles/0373-getting-mortgage-after-short-sale#difference.

31. On the other hand, a foreclosure takes place when the consumer does not make payments and the lender takes legal action to repossess the consumer's home. *Id*.

///

32. Moreover, consumers who experience a foreclosure are required to wait seven years before said consumers are eligible for a new mortgage while short sellers may qualify in two years. *Id.*

33. CCP § 580b prevents deficiency liability of any kind after a sale or foreclosure when the loan in question is secured by a borrower's home.

### GENERAL FACTUAL ALLEGATIONS

34. At all times relevant, Plaintiff is an individual residing within the State of California.

35. Beginning in late-2015, Plaintiff learned for the first time that Defendants were inaccurately reporting Plaintiff's accounts with BofA to Plaintiff's credit report.

36. Thereafter, Plaintiff attempted to resolve these accounts informally with each of the reporting parties.

37. Notwithstanding these informal attempts, BofA continued BofA's harassing collection efforts through telephone calls; demeaning collection letters; and, horrible credit due to debts that Plaintiff did not incur.

38. Subsequently, Plaintiff disputed BofA's tradelines discussed herein by written communication dated November 12, 2015, which was sent to the Credit Bureaus via certified mail.

39. In so doing, Plaintiff provided a detailed explanation regarding the inaccurate nature of BofA's reporting.

40. Despite receipt of Plaintiff's dispute, BofA refused delete and/or update the inaccurate information on Plaintiff's credit report.

41. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety.  Despite this knowledge, BofA continued to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

42. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

43. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

### FACTUAL ALLEGATIONS RE: BOFA

44. In or about 2005, Plaintiff purchased a personal residence in San Diego, California which was financed by BofA.

45. In addition, Plaintiff's mortgage constitutes money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

46. Plaintiff's accounts were assigned truncated account numbers 6824; and, 1684 (the "Accounts").

47. Thereafter, BofA engaged in collection activity against Plaintiff by reporting Plaintiff's alleged debt to the Credit Bureaus as an outstanding obligation and by sending collection letters and placing collection calls to Plaintiff.

48. In February 2010, Plaintiff short sold Plaintiff's property with BofA's approval.

49. Pursuant to CCP § 580b, any deficiency remaining on mortgage was uncollectable.

///

50. Thereafter, Plaintiff sought to refinance Plaintiff's residence in late-2015.

51. However, Plaintiff was unable to refinance because of the BofA delinquency reported to Plaintiff's credit report.

52. Regarding Truncated Account Number 6824, BofA inaccurately reported that Plaintiff was past due by $79,324.00; that Plaintiff's account was charged off; that Plaintiff has been delinquent since November 2011; and, failed to accurately notate Plaintiff's short sale.

53. A creditor "charges off" a debt when it treats the debt as a loss or expense because payment is unlikely.

54. A charge off is an event that occurs at a definite period of time and that single point in time is when the creditor decides to treat the debt as a loss or expense.

55. BofA; however, reported to the Credit Bureaus that Plaintiff's account was charged off every month dating back to at least February 2010.

56. Regarding Truncated Account Number 1684, BofA inaccurately reported that Plaintiff was past due by more than 120 days despite Plaintiff being current on this account.

57. As such, Plaintiff disputed the BofA Account discussed herein, pursuant to 15 U.S.C. § 1681i(a)(2), by written communication dated November 12, 2015, which was sent to the Credit Bureaus via certified mail, and instructed the Credit Bureaus update the inaccurate reporting.

58. Plaintiff's dispute also explained to the Defendants that Plaintiff's account was charged off on only one occasion and requested that Defendants correct Plaintiff's credit report to reflect a charge off on only the correct month.

59. Said dispute informed the Defendants that Plaintiff was not more than 120 days past due as well.

60. Upon information and belief, the Credit Bureaus timely notified BofA of Plaintiff's dispute.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

61. The Credit Bureaus were required to conduct a reasonable reinvestigation into the disputed Accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

62. BofA was required to conduct a reasonable reinvestigation into the disputed Account on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

63. In late November 2015, Plaintiff received notification from the Credit Bureaus that BofA and the Credit Bureaus received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.

64. Despite receipt of this information, BofA continued collection activity with regard to the Account and did not accurately update Plaintiff's credit report.

65. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3), yet still allowed the inaccurate and misleading BofA Accounts to report on Plaintiff's credit reports.

66. Further, the Credit Bureaus should have discovered from their records, including Plaintiff's formal dispute, that the Account being reported by BofA were inaccurate and materially misleading because it suggested that Plaintiff's Account with BofA were legitimate and delinquent, even though Plaintiff's Account was satisfied.

67. Accordingly, the Credit Bureaus failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

68. Accordingly, the Credit Bureaus failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

///

///

69. Similarly, BofA's investigation was also unreasonable. More specifically, BofA should have discovered from its records, including Plaintiff's formal dispute, that the information BofA was reporting was inaccurate and materially misleading because it suggested that the BofA Accounts were legitimate and delinquent, even though the account was satisfied through Plaintiff's short sale.

70. Moreover, BofA failed to provide notice of dispute to the Credit Bureaus as required by 15 U.S.C. §1681s-2(a)(3).

71. Accordingly, BofA failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by:

    A. Failing to remove all of the disputed and incorrect information, and

    B. Failing to notate, as required, Plaintiff's dispute.

72. Accordingly, BofA failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

73. BofA failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

74. Due to BofA's failure to reasonably investigate, BofA further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

75. By inaccurately reporting account information after notice and confirmation of its errors, BofA failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

76. Through this conduct, BofA has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that BofA knew or should known was inaccurate.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

77. Plaintiff's continued efforts to correct BofA's and the Credit Bureaus' erroneous and negative reporting of the BofA account by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

78. BofA's and the Credit Bureaus' continued inaccurate and negative reporting of the BofA account in light of their knowledge of the actual error was willful.

79. BofA's and the Credit Bureaus' failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Accordingly, BofA and the Credit Bureaus willfully and negligently failed to comply with its respective duties to reasonably investigate Plaintiff's dispute.

80. BofA's and the Credit Bureaus' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

81. Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports. However, said goods and/or services were denied to Plaintiff due in part to the BofA tradelines on Plaintiff's credit reports.

82. Said tradelines have affected Plaintiff negatively due to the reporting of multiple delinquencies and has negatively impacted Plaintiff's debt to income ratio which has lowered Plaintiff's credit score.

83. Through this conduct, BofA violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BofA violated Cal. Civ. Code § 1788.17.

///
///
///
///

84. Through this conduct, BofA violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BofA violated Cal. Civ. Code § 1788.17.

85. Through this conduct, BofA violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BofA violated Cal. Civ. Code § 1788.17.

86. Through this conduct, BofA violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BofA violated Cal. Civ. Code § 1788.17.

87. Through this conduct, BofA violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BofA violated Cal. Civ. Code § 1788.17.

88. Through this conduct, BofA violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BofA violated Cal. Civ. Code § 1788.17.

///
///
///
///
///
///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

## [AGAINST BOFA ONLY]

89. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

91. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant except the Credit Bureaus.

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681-1681x (FCRA)

## [AGAINST ALL DEFENDANTS]

92. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

93. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

94. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

///

95. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT III

## VIOLATION OF CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
## CAL. CIV. CODE § 1785.1, ET SEQ.

### [AGAINST ALL DEFENDANTS]

96. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

98. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

99. Because Defendants are each a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Defendants received all documents required to determine the fraudulent nature of Plaintiff's alleged debts, Defendants should have known that the accounts at issue did not belong to Plaintiff.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;

- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;

- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,

- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

100. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 2, 2016                          Respectfully submitted,

                                               KAZEROUNI LAW GROUP, APC

                                       By: ____/s/ Matthew M. Loker____
                                               MATTHEW M. LOKER, ESQ.
                                               ATTORNEY FOR PLAINTIFF